UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODOLFO JESUS MORALES, | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-CV-01180 |
| | § | |
| LORIE DAVIS, | § | |
| Director of the Texas Department of | § | |
| Criminal Justice - Correctional | § | |
| Institutions Division, | § | |
| *Respondent*. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Rodolfo Jesus Morales, a Texas state inmate, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction of capital murder. Dkt. 1. This matter was referred to this magistrate judge by District Judge Lynn N. Hughes. Dkt. 4. Respondent filed a motion for summary judgment. Dkt. 13. After reviewing the record, the Court recommends that the petition be denied with prejudice.

## Background

Morales is currently serving an 80-year sentence for capital murder delivered by the 179th District Court of Harris County, Texas. Dkt.1 at 2. Morales's conviction was affirmed on appeal. *Id.* at 3. Morales filed a state habeas corpus application challenging his conviction on ineffective assistance of counsel grounds, which the Texas Court of Criminal Appeals denied on March 30, 2016. Dkt. 1 at 4. Morales then filed this federal petition on April 20, 2016.

## Analysis

Morales claims that he was denied effective assistance of counsel in violation of the Sixth Amendment because his trial counsel: (1) failed to challenge the sufficiency of evidence; (2) failed to call defense witnesses; (3) failed to object to inadmissible hearsay; and (4) failed to request an examining trial. Dkt. 1 at 6-7. Similarly, Morales asserts that his appellate counsel was defective because he did raise these same issues on appeal. *Id.*

Morales's petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254. Section 2254 sets forth a "'highly deferential standard for evaluating state-court rulings,' which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)). The state court's factual determinations are presumed correct, and a habeas petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A petitioner cannot obtain federal habeas corpus relief with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim resulted in:

(1) a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or

(2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

To prevail on an ineffective assistance of counsel claim, the petitioner must demonstrate both deficient performance and prejudice resulting from that deficiency. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).[1] Counsel's performance is compared

---
[1] The two-prong *Strickland* standard also applies to claims of ineffective assistance of appellate counsel. *Duhamel v. Collins*, 955 F.2d 962, 967 (5th Cir. 1992).

to an objective standard of reasonableness, conscious of the strong presumption of competence. The Fifth Circuit requires the petitioner challenging his noncapital sentence to prove that "absent counsel's errors, there is a reasonable probability that his sentence would have been significantly less harsh." *Dale v. Quarterman*, 553 F.3d. 876, 880 (5th Cir. 2008).

If the barriers to relief presented by § 2254(d) and *Strickland* seem nearly insurmountable to a petitioner, that is because they are. "The standard created by *Strickland* and § 2254 (d) are both 'highly deferential, and when the two apply in tandem, review is doubly so.'" *Harrington v. Richter*, 562 U.S. 86 (2011) (internal citation omitted). Therefore, a federal court reviewing a state habeas court's *Strickland* determination asks not whether counsel's performance was satisfactory, but rather whether the state court's application of the *Strickland* standard was reasonable.

### *Trial Counsel*

Morales first asserts that because the evidence presented against him was circumstantial, trial counsel was deficient because he did not pursue the issue with enough fervor. The state court found that Morales failed to demonstrate that counsel provided representation that amounted to impotence under prevailing professional norms. Dkt. 12-10 at 19.

Trial counsel's opening argument pointed to the fact that there is no eye-witness to the shooting. Dkt. 13 at 13. After the State closed its case, trial counsel moved for an instructed verdict on grounds that there was no eyewitness testimony and that the cause of death had not been established (Dkt. 11-20 at 113). During closing statements, trial

3

counsel reiterated that nobody in the apartment complex actually saw Morales shoot the victim. Dkt. 13 at 13. Morales makes no suggestion as to how counsel could have further pressed the issue, making it impossible to find the state court ruling unreasonable. Even so, the Court "will not find inadequate representation merely because, with the benefit of hindsight, we disagree with counsel's strategic choices." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997).

Morales also contends that trial counsel was deficient because he did not call witnesses to rebut the prosecutor's case. The state court found that Morales "failed to show that potential defense witnesses were available to testify at trial or that their testimony would have benefited the applicant." Dkt. 12-10 at 19. To demonstrate prejudice from a failure to call a witness, the petitioner must show that the witness would have testified at trial and that the testimony would have been favorable. *See Alexander v. McCarther*, 775 F.2d 595, 602 (5th Cir. 1985). A petitioner must "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). Morales's federal habeas petition fails to identify a single witness he believes counsel should have called, asserts no theory of proposed testimony, and offers no proof that anyone would have actually testified in his favor. The state habeas court's rejection of this claim was reasonable.

Morales further avers that counsel was ineffective because counsel failed to object to hearsay evidence. Dkt. 1 at 7. The state court found that Morales failed to allege

sufficient facts that would entitle him to relief. Dkt. 12-10 at 19. Here, Morales fails to include the objectionable hearsay statements in his petition. Since Morales cannot show that the trial court would have erred in overruling the objection, the state court was not unreasonable in its determination.

Finally, Morales states that trial counsel was deficient for failing to request an examining trial. Dkt. 1 at 7. In Texas, those accused of a felony have a right to an examining trial *before* a grand jury returns an indictment. TEX. CODE OF CRIM. PRO. § 16.01 (emphasis added). In this instance, Morales was indicted by grand jury on February 22, 2007 and, therefore, no longer entitled to an examining trial. Even if Morales had received an examining trial and prevailed, the State still would have been free to obtain an indictment against him. *See Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex. Crim. App. 1982). Any objection or challenge to this "failure" would have been frivolous. The state court's finding is reasonable under *Strickland*.

*Appellate Counsel*

Morales raises several claims of ineffective assistance of appellate counsel, all rooted in the same claims as those against trial counsel. A defendant is constitutionally entitled to effective assistance of appellate counsel when he has a right to appeal under State law. *Evitts v. Lucy*, 469 U.S. 387, 395 (1985). Appellate counsel, however, is not required to raise every possible non-frivolous claim on appeal. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). However, "a reasonable attorney

has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." *U.S. v. Williamson*, 183 F.3d 458, 462-63 (5th Cir. 1999). The lack of merit in Morale's claims against trial counsel also extends to his claims against appellate counsel.

## Conclusion

For these reasons, the Court recommends that Morales's petition be denied with prejudice. All remaining motions should be terminated as moot. The Court further finds that it is not debatable whether this Court is correct in its ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the Court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this memorandum and recommendation to file written objections. Failure to timely object will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas, on June 14, 2017.

Stephen Wm Smith
United States Magistrate Judge